Eric Helmy, WSBA #43554
NW Business Law LLC
Of Attorneys for Plaintiff
eric@nwbizlaw.com
(206) 209-0069

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CENTRAL FLYWAY AIR, INC., a Canadian corporation, JON BOYCHUK, an individual, KRYSTLE BOYCHUK, and GREY GHOST GEAR of CANADA, an Alberta, Canada corporation,<br><br>Plaintiff,<br><br>v.<br><br>GREY GHOST LLC, an Idaho corporation with operations in Washington State, GREY GHOST GEAR LLC, an Idaho corporation with operations in Washington State, CASEY INGELS an individual. | Case No.: 3:20-cv-5506<br><br>COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF<br><br>(Breach of Fiduciary Duty, Breach of Contract, Unjust Enrichment)<br><br>**Jury Trial Demanded** |

COMES NOW PLAINTIFFS and alleges as follows:

**PARTIES**

1. Plaintiff Central Flyway Air, Inc., ("**CFA**") is a Manitoba corporation with its registered office in Winnipeg, Manitoba carrying on business in Quesnel, British Columbia. Plaintiff Jon Boychuk and his wife Krystle Boychuk are the sole shareholders of Central Flyway, Inc.

2. Plaintiff Jon Boychuk ("**J. Boychuk**") is an individual who resides in Quesnel, British Columbia and is a shareholder of CFA.

3. Defendants Grey Ghost LLC and Grey Ghost Gear LLC ("**GGI**") are a Idaho corporations with business operations in Lakewood, Washington.

4. Defendant Casey Ingels is an individual and a resident of Lakewood, Pierce County, Washington. At all relevant times, he has been an officer and director of GGI and GGGC.

COMPLAINT FOR DAMAGES and INJUNCTIVE RELIEF

NW Business Law LLC
1700 7th Ave. #2100
Seattle, WA 98101
(206) 462-0501
Of Attorneys for Plaintiff

**COMMON ALLEGATIONS**

**Establishment of GGGC**

5. On or about April 20, 2016, GGGC was incorporated for the purpose of selling tactical equipment within Canada and to international clientele with a line of products it either manufacturers or imports from abroad.

6. GGGC shares are held by GGI and CFA on a 51%/49% basis, respectively. GGGC's directors are composed of one Canadian citizen and three United States citizens, being:

    a. Jon Boychuk ("**J. Boychuk**") of Quesnel, British Columbia,

    b. Kathryn Hanson, last known residence being in Lakewood, Washington,

    c. Lea Lindsay last known residence being in Lakewood, Washington, and

    d. Casey Ingels ("**Ingels**") of Lakewood, Washington,

    (Hanson, Lindsay and Ingels are collectively referred to as the "**US Directors**").

7. The Unanimous Shareholder Agreement of GGGC is attached as Ex. 1. Per that agreement, certain key provisions apply, quoted here in pertinent part:

    5.1 Conduct
    Unless authorized by Special Resolution the Shareholders shall not cause or permit the Corporation, and the Board shall not authorize the Corporation, to:
    (c) [permit] any change in the authorized or issued capital of the Corporation or alteration of its capital structure in any way, including a repurchase of any securities in the capital of the Corporation;

    5.2 Bank Account
    The Corporation shall maintain one or more bank accounts with such banks, trust companies, treasury branches or other financial institutions as the Directors may from time to time determine. All bank accounts shall be kept in the name of the Corporation and all cheques, bills, notes, drafts or other instruments in the amount of $10,000 or less shall, unless otherwise determined by the Board, require the signature of one Director and any amount over $10,000 shall, unless otherwise determined by the Board, require the signatures of two Directors. All monies received from time to time on account of the business of the Corporation shall be paid into such bank account or bank accounts for the time being in operation.

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

NW Business Law LLC
1700 7th Ave. #2100
Seattle, WA 98101
(206) 209-0069
nwbizlaw.com

5.4 Books and Records

Each Shareholder shall have access during business hours and on no less than 48 hours prior notice to all financial statements, other books and records of and information concerning the business, affairs and prospects of the Corporation or any subsidiary, and the properties of the Corporation and its subsidiaries, as long as such access does not interfere with the normal operations of the Corporation and subject always to the obligations of confidentiality set forth in Article 14.2.

5.5 Audit Right
Each Shareholder (at its sole cost and expense) will have the right to perform, from time to time, either itself or through representatives of its choosing, an audit of all the Corporations books, records and accounts (including bank accounts).


6.1 Prohibitions
No Interest of a Shareholder shall be sold, transferred, assigned, pledged, charged, hypothecated, encumbered or otherwise disposed of by a Shareholder except in accordance with the terms of this Agreement, the provisions of the Articles, or with approval by the Board. Any such disposition in violation of this restriction shall be null and void and shall not be given effect nor recorded in the books and records of the Corporation.


6.3 Disposition by Corporate Shareholder
No Corporate Shareholder shall allow, permit or suffer (whether voluntary or involuntary) any direct or indirect sale, transfer, assignment, pledge, charge, mortgage or any other disposition or encumbrance of any securities in the capital of such Corporate Shareholder (including the issuance of additional capital in the Corporate Shareholder) if the control of such Corporate Shareholder, whether direct or indirect, would be changed (from that which existed immediately prior to any such transfer) as a result of such sale, transfer, assignment, pledge, charge, mortgage or any other disposition.

8.  After GGGC's incorporation, and on the urging of Defendant Casey Ingels, Plaintiff Jon Boychuk granted a personal guarantee to TD Bank (Toronto Dominion Bank) - on behalf of GGGC - to provide the company with a line of credit.

9.  Defendant Ingels and the other directors of GGGC agreed that Plaintiff Jon Boychuk and his wife Krystle Boychuk ("**K. Boychuk**" - a second shareholders of CFA), would be responsible for manufacturing GGGC's hardarmour product line.  Jon and Krystle Boychuk also assumed responsibility for selling any of GGGC's product line inventory that would be acquired abroad.

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

NW Business Law LLC
1700 7th Ave. #2100
Seattle, WA 98101
(206) 209-0069
nwbizlaw.com

10. In order to manufacture some of GGGC's product, J. Boychuk and K. Boychuk (together, the "**Boychuks**") constructed a manufacturing facility on their personal property at a cost of over $83,000, plus labor and purchased equipment for those operations.

11. The Boychuks devoted considerable time and effort into developing GGGC's corporate platform, its client list, and the Canadian and international sales of its product line. In addition, the Boychuks committed substantial time and energy toward the administration of all related shipping and receiving.

12. From the time of incorporation, GGI controlled the bookkeeping and accounting responsibilities of GGGC by and through GGI's officer Casey Ingels, who was operating at all relevant times from Lakewood, Washington. GGI – by and through Defendant Ingels - oversaw all internal bookkeeping and accounting for GGGC.

13. In order to help grow GGGC's operations, the Boychuks deferred taking any salary from the time of incorporation until May 2019, when GGGC issued each of them a check $1,000, followed by checks for $1,500 in June 2019 ("**Salary Cheques**") for a combined total of $2,500 each, before withholdings.

14. Since incorporation, CFA, through the efforts of the Boychuks, have contributed some US$175,000 to GGGC's operations, either through direct cash investments or providing services for which the taking of any salary has been deferred. In addition, the Boychuks also paid some $175,000 to GGI for shares in Gray Ghost Gear Precision Canada (GGGPC), a separate entity in which Jon Boychuk was to be 49% shareholder, and which was to be set up for the manufacture of firearms in British Columbia. The Boychuks paid these funds into GGGPC in reliance on Defendants' promises to provide the equipment necessary to set up GGGPC's manufacturing operations. GGI and Ingels never provided this equipment, so GGGPC never got off the ground, but Defendants kept the money.

15. Shortly after issuing the Salary Cheques and paying director expense reimbursements, the relationship between J. Boychuk and the US Directors of GGGC deteriorated, to the point where J. Boychuk suggested a parting of ways through a buyout.

16. At or around that time, GGI and the US Directors of GGGC:

    a. Closed and terminated Plaintiffs' access to GGGC's QuickBooks accounting program;

    b. Terminated the Boychuks' use of and access to GGGC's corporate emails;

    c. Terminated the flow of inventory purchased abroad, which had initially been inbound to the US and then destined for Quesnel, BC, to the substantial detriment of GGGC's operations;

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

NW Business Law LLC
1700 7th Ave. #2100
Seattle, WA 98101
(206) 209-0069
nwbizlaw.com

    d. Without proper authorization under GGGC's operating agreement, instructed GGGC customers to direct payment of GGGC's invoices to an unrelated third party(ies).

    e. Refused to J. Boychuk access to GGGC's financial records, and prohibited him from accessing said records, despite his capacity as the company's CEO,

    f. Prohibited the company's accounting firm – Affirm - from providing GGGC's financial records to J. Boychuk;

17. On information and belief **(any evidence to such effect)?**, GGI and the US Directors of GGGC have diverted or requested others to divert over $90,000 of cash or other monetary equivalent due from the payment of GGGC invoices from GGGC's bank accounts into the hands of unidentified third parties.

18. The unilateral and unannounced conduct of GGI and the US Directors of GGGC (on behalf of GGGC) represents an unlawful exclusion of CFA from the company's operations, and in effect an unlawful unilateral dissociation of CFA and the Boychuks from GGGC.

19. Additionally, the unilateral and unannounced conduct of GGI and the US Directors of GGGC (on behalf of GGGC) unfairly prejudices the rights of CFA and Jon Boychuk as shareholders in the corporation (GGGC).

20. Defendants have refused to disclose to Plaintiff CFA information that CFA reasonably needs to ascertain the value of its investment. For instance, Defendants refuses to show CFA the totality of the company's finances, contracts, or license agreements accrued since Defendants locked CFA out of their management of GGGC.

21. Defendant GGI and has maintained control of GGGC – to Plaintiff's inclusion - since Defendants effectively locked CFA (by and through exclusion of the Boychuks) out of management of GGGC. Defendants have refused to include Plaintiffs in any material facet of corporate decision-making.

22. The facts asserted above demonstrate the futility of bringing a demand that GGGC take action to correct Defendants' breaches of fiduciary duties, extravagance, and excesses.

23. Plaintiffs have verified this Complaint per below. Plaintiff CFA was and has been a shareholder of GGI at all times relevant to this complaint. This action is not a collusive action to confer jurisdiction upon a court of this State which it would not otherwise have. Plaintiff CFA fairly represents the interests of the shareholders or members similarly situated in enforcing the rights of GGGC. Throughout his course of dealing with Defendants, Plaintiffs have demanded that Defendants grant them access to documents withheld, and have demanded compensation for both (a) the value that the Boychuks rendered in service of GGGC, and (b) for damages to GGGC arising from GCI's diversion of GGGC's assets and business. None of these efforts have been fruitful. Any further efforts to get GGGC to take remedial action against Defendants have to go through Defendants, and there is no

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

NW Business Law LLC
1700 7th Ave. #2100
Seattle, WA 98101
(206) 209-0069
nwbizlaw.com

indication that any such efforts would be fruitful.  Instead, events to this point strongly suggest such efforts would be futile.

## JURISDICTION AND VENUE

24. The Court has subject matter jurisdiction over this dispute because complete diversity exists between the parties, and the amount in controversy exceeds $75,000.  28 USC § 1332(a).  The Court may exercise jurisdiction over this matter, as the Alberta courts' jurisdiction is "nonexclusive."

25.  The Court has personal jurisdiction over each of the Defendants for the following respective reasons:

    a.   Defendant, Grey Ghost International LLC ("**GGI**") is, to the best of the Plaintiffs' knowledge, a Wyoming Domestic Limited-Liability corporation that carries on business through its offices in Lakewood, Washington

    b.   Defendant Casey Ingels is an individual and a resident of Washington State.

26. Venue is proper in the Western District of Washington per 28 USC 1391(b)(1) because Defendant Casey Ingels resides in said Judicial District.

### FIRST CLAIM FOR RELIEF – BREACH OF FIDUCIARY DUTY
*On Behalf of Plaintiffs CFA and GGGC, Against Defendant Ingels*

27. Plaintiffs re-assert and reallege herein all of the statements set forth above in paragraphs 1-25.

28. At all relevant times, Defendant Ingels has had a fiduciary to act in good faith with regard to GGGC and with regard to the company's shareholders, including CFA.

29. Under the Alberta Business Corporations Act, R.S.A., 2000, C.B 9 § 122,
(1) Every director and officer of a corporation in exercising  the director's or officer's powers and discharging the director's or officer's duties shall:

    (a)  act honestly and in good faith with a view to the best interests of the corporation, and

    (b) exercise the care, diligence and skill that a reasonably prudent person would exercise in comparable circumstances.

In addition, per that same statute:

   (2) Every director and officer of a corporation shall comply with this Act, the regulations, articles, bylaws and any unanimous shareholder agreement.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

NW Business Law LLC
1700 7th Ave. #2100
Seattle, WA 98101
(206) 209-0069
nwbizlaw.com

(3) Subject to section 146(7), no provision in a contract, the articles, the bylaws or a resolution relieves a director or officer from the duty to act in accordance with this Act or the regulations or relieves the director or officer from liability for a breach of that duty.

(4) In determining whether a particular transaction or course of action is in the best interests of the corporation, a director, if the director is elected or appointed by the holders of a class or series of shares or by employees or creditors or a class of employees or creditors, may give special, but not exclusive, consideration to the interests of those who elected or appointed the director.

30. By and through his conduct as stated above, Defendant Ingels breached his duties to CFA and GGGC under the Alberta Business Corporations Act.

31. Defendant's breaches of fiduciary duty, as asserted above, caused damages to both Plaintiff CFA and Plaintiff GGGC in amounts to be established at trial.

## SECOND CLAIM FOR RELIEF – BREACH OF CONTRACT

### *On Behalf of Plaintiffs Jon and Krystle Boychuk, against All Defendants*

32. Plaintiffs re-assert and reallege herein all of the statements set forth above in paragraphs 1-30.

33. At all relevant times, Defendants had contractual relationships with Plaintiffs Jon and Krystle Boychuk. According to those contractual relationships, Defendants owed Plaintiffs implied duties of good faith. Defendants further breached their duties of good faith to Plaintiffs Jon and Krystle Boychuk by locking them out of the managements and profit-sharing of GGGC whilst failing to compensate them for the enormous expenses they undertook to set up manufacturing operations for GGGC in Quensel, BC.

34. Defendants' actions have effectively deprived Plaintiff CFA of its ownership of shares of GGGC. This conduct violates the following provisions of the Unanimous Shareholder Agreement of GGGC (Ex. 1):

- *§ 6.1 - No Interest of a Shareholder shall be sold, transferred, assigned, pledged, charged, hypothecated, encumbered or otherwise disposed of by a Shareholder except in accordance with the terms of this Agreement, the provisions of the Articles, or with approval by the Board.*

- *§ 6.3 - Disposition by Corporate Shareholder: No Corporate Shareholder shall allow, permit or suffer (whether voluntary or involuntary) any direct or indirect sale, transfer, assignment, pledge, charge, mortgage or any other disposition or encumbrance of any securities in the capital of such Corporate Shareholder (including the issuance of additional capital in the Corporate Shareholder) if the control of such Corporate Shareholder, whether direct or indirect, would be changed (from that which existed immediately prior to any such transfer) as a result of such sale, transfer, assignment, pledge, charge, mortgage or any other*

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

NW Business Law LLC
1700 7th Ave. #2100
Seattle, WA 98101
(206) 209-0069
nwbizlaw.com

*disposition.*

35. Defendants have also refused Plaintiffs' access to financial records of GGGC.  This violates the following provisions of the Unanimous Shareholder Agreement of GGGC:

    - § 5.4 Books and Records  -
      *Each Shareholder shall have access during business hours and on no less than 48 hours prior notice to all financial statements, other books and records of and information concerning the business, affairs and prospects of the Corporation or any subsidiary, and the properties of the Corporation and its subsidiaries, as long as such access does not interfere with the normal operations of the Corporation and subject always to the obligations of confidentiality set forth in Article 14.2.*
    - 5.5 Audit Right
      *Each Shareholder (at its sole cost and expense) will have the right to perform, from time to time, either itself or through representatives of its choosing, an audit of all the Corporation[']s books, records and accounts (including bank accounts).*

36. Defendants, on information and belief, have redirected substantial funds intended for GGGC's accounts to other unidentified and unknown accounts.  Such action, to the extent it has occurred, would breach § 5.2 of the Unanimous Shareholder Agreement:

    *5.2 Bank Account*
    *The Corporation shall maintain one or more bank accounts with such banks, trust companies, treasury branches or other financial institutions as the Directors may from time to time determine. All bank accounts shall be kept in the name of the Corporation and all cheques, bills, notes, drafts or other instruments in the amount of $10,000 or less shall, unless otherwise determined by the Board, require the signature of one Director and any amount over $10,000 shall, unless otherwise determined by the Board, require the signatures of two Directors. All monies received from time to time on account of the business of the Corporation shall be paid into such bank account or bank accounts for the time being in operation.*

37. Plaintiffs are entitled to economic and consequential damages in amounts to be established at trial.

**THIRD CLAIM FOR RELIEF – UNJUST ENRICHMENT**

On Behalf of Plaintiff CFA, Against All Defendants

38. Plaintiffs re-assert and reallege herein all of the statements set forth above in paragraphs 1-35.

39. By virtue of the conduct alleged above, Defendant GGI has received benefits at Plaintiff's expense, insofar as GGGC profits and/or compensation owing CFA have been wrongfully withheld by GGI.  To the extent GGI's principals have in turn acquired any portion of these wrongfully-withheld proceeds, said principals (notably Ingels) have been wrongfully enriched as a result.

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

NW Business Law LLC
1700 7th Ave. #2100
Seattle, WA 98101
(206) 209-0069
nwbizlaw.com

40. Said benefits benefits have been received at Plaintiffs' expense;

41. The circumstances make it unjust for the Defendants to retain said benefits without payment.

### FOURTH CLAIM FOR RELIEF – INJUNCTION
### Against All Defendants, on Behalf of Plaintiff CFA

42. Plaintiffs re-assert and reallege herein all of the statements set forth above in paragraphs 1-41.

43. Defendants' conduct, unless enjoined, presents a material risk of irreversible harm to Plaintiff CFA.

44. Plaintiff CFA has no adequate remedy at law to prevent said irreversible harm.

45. Plaintiff CFA is entitled to injunctive relief to preclude Defendants from continuing to withhold key financial information, profits and/or distributions that are due (and overdue), and from excluding CFA's shareholders from service as appointed officers of GGGC.

### PRAYER

WHEREFORE, Plaintiffs pray for the following relief:

*On the First Claim for Relief*

1. For an award of economic damages to Plaintiffs CFA and GGGC;

*On the Second Claim for Relief*

2. For an award of economic damages to Plaintiffs Jon and Krystle Boychuk;

*On the Third Claim for Relief*

3. For a return of wrongfully-acquired monies and/or value to CFA;

*On the Fourth Claim for Relief*

4. For an injunction precluding Defendants from continuing to withhold key financial information, profits and/or distributions that are due (and overdue), and from excluding CFA's shareholders from service as appointed officers of GGGC.

*On All Claims for Relief*

5. For the costs of suit;

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

NW Business Law LLC
1700 7th Ave. #2100
Seattle, WA 98101
(206) 209-0069
nwbizlaw.com

- 10 -

6. For reasonable pre-and post-judgment interests;

7. For an award of reasonable attorney fees per the operating agreement of GGGC;

8. For such additional relief as the Court may grant per its powers at law and/or in equity.

DATED this 29th of May, 2020

NW Business Law LLC
By: _____
Eric K. Helmy, Esq., LL.M, WSBA #43554
Of Attorneys for Plaintiffs

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

NW Business Law LLC
1700 7th Ave. #2100
Seattle, WA 98101
(206) 209-0069
nwbizlaw.com