UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CENTRAL FLYWAY AIR, INC., a Canadian corporation, and JON BOYCHUK, an individual,<br><br>　　　　　　　　　Plaintiffs,<br>　　v.<br><br>GREY GHOST INTERNATIONAL, LLC, a Wyoming corporation with operations in part in Washington state, and CASEY INGELS, an individual,<br><br>　　　　　　　　　Defendants. | CASE NO. 20-5506 RJB - MAT<br><br>ORDER ON DEFENDANT CASEY INGELS' MOTION TO DISMISS AMENDED COMPLAINT |

This matter comes before the Court on Defendant Casey Ingels' Motion to Dismiss Amended Complaint (Dkt. 29) and Plaintiffs' motion for leave to file a second amended complaint (Dkt. 30). The Court has considered the pleadings filed in support of and in opposition to the motion and the file herein.

This matter arises from a failed business venture in Canada known as Grey Ghost Gear of Canada, Ltd. Dkt. 17. Due to several of the involved business entities' names being similar,

ORDER ON DEFENDANT CASEY INGELS' MOTION TO DISMISS AMENDED COMPLAINT - 1

Grey Ghost Gear of Canada, Ltd. will be referred to herein as the "failed business." The amended complaint uses abbreviations for these various business entities and an occasionally additional unexplained abbreviations occur. The Court construed the amended complaint in Plaintiffs favor when this occurred.

In his pending motion to dismiss, Defendant Casey Ingels argues that contrary to the Plaintiffs' assertions, the law of Alberta, Canadian does not apply to him. Dkt. 29. He maintains that the amended complaint fails to plead sufficient facts to hold him personally liable for the claims asserted against him. Dkt. 29. Defendant Ingels further moves to dismiss on the grounds that the Plaintiffs have failed to properly serve him. *Id.*

This opinion will first address the issue of whether Alberta law applies to claims asserted against Defendant Casey Ingels personally. It will then turn to whether the amended complaint sufficiently states claims for relief and whether Defendant Ingels has been properly served.

## **APPLICABLE LAW**

**A. BACKGROUND FACTS AND FACTS RELEVANT TO APPLICABLE LAW**

According to the amended complaint, on April 20, 2016, the failed business was incorporated by Defendant Grey Ghost International, LLC ("GGI") and by Plaintiff Central Flyway Air, Inc. ("CFA") in order to sell tactical equipment. Dkt. 17, at 2. Defendant GGI is alleged to be the 51% shareholder, and Plaintiff CFA the 49% shareholder, of the failed business. *Id.,* at 1. Defendant Ingels, the moving party, is alleged to be an officer and director of both Defendant GGI and of the failed business. *Id.*

The amended complaint lists various provisions of a "Unanimous Shareholder Agreement," and states that this document is attached. *Id.,* at 2-3. The document is not attached to the amended complaint or the complaint (even though it also claims the agreement was

attached).  The amended complaint does not state who signed the agreement.  It alleges that Canadian law applies as a result of this agreement.  *Id.,* at 5.

Attached to two now dismissed Defendants' motion to dismiss is a copy of a document entitled "Unanimous Shareholder Agreement."  Dkt. 10.  That document is also unsigned but includes signature lines for GGI and CFA only.  *Id.*  In his motion to dismiss, Defendant Ingels moves the Court to take judicial notice of this document and consider it for purposes of the motion to dismiss.  Dkt. 29.

Pursuant Fed. R. Evid. 201 (b), "the court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Further, in considering a motion to dismiss, a court can also consider "unattached evidence on which the complaint necessarily relies" if: "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document."  *United States v. Corinthian Colleges*, 655 F.3d 984, 998–99 (9th Cir. 2011)(*internal citations and quotations omitted*).

The Plaintiffs do not oppose the Court considering the "Unanimous Shareholder Agreement" filed in the record at Dkt. 10.  The amended complaint refers to the "Unanimous Shareholder Agreement," it is central to the Plaintiffs' claims, and "no party questions the authenticity of the document" filed.  Accordingly, for purposes of this motion, the Court will consider this document.

**B. APPLICATION OF FEDERAL RULES OF CIVIL PROCEDURE**

Pursuant to 28 U.S.C. § 1332(a)(2), district courts have jurisdiction over civil actions where the matter in controversy is over $75,000 and is between "citizens of a State and citizens or subjects of a foreign state."

This Court has diversity jurisdiction over this case. The amount in controversy is alleged to be more than $75,000 and the Plaintiffs are alleged to be Canadian residents and Defendants are residents of the United States.

The Federal Rules of Civil Procedure apply. The Federal Rules of Civil Procedure apply irrespective of the source of subject matter jurisdiction, and irrespective of the source of substantive law. *See generally Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102 (9th Cir. 2003); and *See Richards v. Lloyd's of London*, 135 F.3d 1289, 1293 (9th Cir. 1998)(*internal quotation marks and citation omitted*). Moreover, the Plaintiffs do not object to their application and cite them extensively in their brief in opposition to the motion to dismiss.

**C.  SUBSTANTIVE LAW**

The Plaintiffs maintain that Alberta substantive law applies, relying on section 14.14 of the "Unanimous Shareholder Agreement" controls. It provides:

> **14.14 Governing Law and Attornment**
>
> This Agreement and all matters relating thereto shall be governed by and interpreted in accordance with the laws of the Province of Alberta. Each party irrevocably submits to the nonexclusive jurisdiction of the courts of Alberta and all courts competent to hear appeals from those courts with respect to any matter related to this Agreement.

Dkt. 10, at 52.

The Plaintiffs fail to show that this provision of the "Unanimous Shareholder Agreement" applies to their claims against Defendant Ingels in his personal capacity. They fail to allege that he signed it in his personal capacity in their amended complaint. In responding to this motion,

they fail to demonstrate that he signed it in his personal capacity (the only copy of this agreement that is in the record is unsigned) as opposed to having signed it as an agent for GGI.  The Plaintiffs do not offer any grounds or cite any authority, under Canadian law, United States law, or Washington law, that Defendant Ingels is bound, in his personal capacity, to this provision of the "Unanimous Shareholder Agreement."  They merely assert in their Response that he is bound by it.

Further, if the section 14.14 of the "Unanimous Shareholder Agreement" applied, whether this Court would have jurisdiction over the dispute between Defendant Ingels and the Plaintiffs is in question.  The provision specifically states that the parties to the agreement "irrevocably submit[] to the nonexclusive jurisdiction of the courts of Alberta . . . with respect to any matter related to this Agreement." Dkt. 10, at 52.  The Plaintiffs fail to include this portion of the provision in their amended complaint or in their response.  Even if section 14.14 applies to Defendant Ingels in his personal capacity, the plain language of the "nonexclusive" provision indicates that this court may not be the proper forum for their dispute.

In any event, the Plaintiffs fail to demonstrate that Alberta law applies to their claims against Defendant Ingels in his personal capacity.

**DEFEDANT INGELS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

**A.  FACTS**

The amended complaint alleges that the failed business' bookkeeping and accounting was controlled by Defendant GGI through Defendant Ingels. Dkt. 17, at 2.  The amended complaint asserts that Defendant Ingels and "other directors" of the failed business agreed that CFA would manufacture the "hard-armour product line" and would be responsible for selling product line inventory acquired abroad. *Id.,* at 3.  It alleges that "[i]n order to manufacture some of the [failed

business'] product," Plaintiff Jon Boychuk (and his wife) invested in a manufacturing facility on their personal property. *Id.* The amended complaint maintains that Plaintiff Boychuk provided the failed business a line of credit, developed the failed business's platform, client list, sales and handled "all related shipping and receiving." *Id.*

The amended complaint alleges that "in a parallel development," Defendant GGI "by and through its agent Casey Ingels" and Plaintiff Boychuk "agreed to establish Grey Ghost Precision Canada" ("Precision") to manufacture firearms in Canada. Dkt. 17, at 4. (Precision is not a Plaintiff here). Defendant GGI was to hold 51% of the shares and Plaintiff Boychuk 49% of the shares of Precision. *Id.* The amended complaint maintains that Defendant GGI promised to provide the equipment necessary to set up Precision's manufacturing operations and "in reliance on this promise," Plaintiff Boychuk agreed to pay, and did pay, around $175,000 to GGI for shares in Precision. *Id.* It asserts that GGI did not provide this equipment, Precision "never got off the ground," and GGI kept the money. *Id.*

According to the amended complaint, in June of 2019, Defendants GGI and Ingels terminated the Plaintiffs' access to the failed business' accounting program and corporate email, terminated the flow of inventory, directed customers to pay unrelated third parties, prohibited the failed business' accounting firm from providing financial records to Plaintiff Boychuck "(even though he was the company's CEO)," and have locked Plaintiffs out of management of the failed business. Dkt. 17, at 4. It asserts that the Defendants have refused to disclose information that is reasonably necessary to ascertain the value of its investment. *Id.*

The amended complaint asserts claims for: (1) breach of fiduciary duty against Ingels as an officer of the failed business under Alberta law, (2) breach of contract against GGI, (3) breach of contract against GGI, (4) fraud against both Defendants under Alberta law, (5) unjust

enrichment against both Defendants under Alberta law, and (6) for "injunction" which would "preclud[e] Defendants from continuing to withhold key financial information, profits and/or distributions that are due (and overdue), and from excluding CFA's shareholders from service as appointed officers of [the failed business]" under Alberta law. Dkt. 17, at 10-11. In addition to this injunctive relief, Plaintiffs seek damages, attorneys' fees, and costs. *Id.*, at 11-12.

B. **STANDARD ON MOTION TO DISMISS**

Fed. R. Civ. P. 12(b) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555. The complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 547.

C. **DISCUSSION**

Defendant Ingels' motion to dismiss the Plaintiffs' claims asserted against him in his personal capacity should be granted and the claims dismissed. The Plaintiffs' claims are all based on the law of Alberta and the Plaintiffs have failed to show that this law applies. Even if the Plaintiffs were asserting their claims pursuant to Washington law, the amended complaint

does not comply with Fed. R. Civ. P. 8's requirement of a "short plain statement," and conflates personal liability, corporate liability and shareholder liability. "[A] corporation exists as an organization distinct from the personality of its shareholders." *State v. Northwest Magnesite Co.,* 28 Wn.2d 1, 41 (1947).

Further, Fed. R. Civ. P. 9(b) requires that claims for fraud be stated "with particularity." "Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)(*internal quotations marks and citation omitted*). The amended complaint fails to identify the particular grounds on which the fraud claim is based.

## **MOTION TO DISMISS FOR FAILURE TO SERVE DEFENDANT INGELS**

Defendant Ingels' motion to dismiss the claims against him for failure to serve him under Fed. R. Civ. P. 4(m) should be denied as moot. Despite having filed this case on May 29, 2020, and while the Plaintiffs have still failed to provide proof in the record that Defendant Ingels has been served, all claims against him are dismissed by this order.

## **PLAINTIFFS' MOTION TO FILE SECOND AMENDED COMPLAINT**

In their response, the Plaintiffs request leave to amend their complaint if the Court grants the motion to dismiss. Dkt. 30. This motion should be denied without prejudice. The Plaintiffs did not note their motion on the calendar in accord with Western District of Washington Rule 7(d), or, more importantly, file a proposed second amended complaint, as is required by Local Rule 15. It is not clear whether amendment would be futile. If the Plaintiffs file a motion for leave to file a second amended complaint, it would be their third attempt. They should comply with Rule 8, and if applicable, Rule 9(b). Moreover, the Plaintiffs should be aware that under

Local Rule 15, if they are granted leave to file a second amended complaint, they have 14 days to serve it, unless the court orders otherwise.

## OTHER MATTERS

Very little has happened in this case since it was filed. The Plaintiffs were given leave to amend their complaint after a motion to dismiss was filed. After they filed the amended complaint, they failed to fill out summons properly and had to refile them several times at the urging of the Court Clerk. The summons related to the amended complaint were issued by the Court on November 13, 2020. There is no proof of service of GGI (or of Defendant Ingels as stated above) in the record. No motion for default against GGI has been filed. The initial court deadlines have been extended twice and the current deadline for the Joint Status Report is January 20, 2020. Most cases in before the undersigned are set for trial around one year after the case is initially filed. This case is languishing. The Plaintiff should make every effort to fast track this case.

## ORDER

It is **ORDERED** that:

- Defendant Casey Ingels' Motion to Dismiss Amended Complaint (Dkt. 29) **IS GRANTED** to the extent that the Plaintiffs' claims asserted against him in his personal capacity are based on Alberta law, those claims **ARE DISMISSED**; and **IS DENIED** as moot to the extent the motion is based on a failure to serve him; and
- Plaintiffs' motion for leave to file a second amended complaint (Dkt. 30) **IS DENIED WITHOUT PREJUDICE**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 15th day of January, 2021.

*Robert J. Bryan* (signature)

ROBERT J. BRYAN
United States District Judge