UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CENTRAL FLYWAY AIR, INC., a Canadian corporation, and JON BOYCHUK, an individual,<br><br>                  Plaintiffs,<br>     v.<br><br>GREY GHOST INTERNATIONAL, LLC, a Wyoming corporation with operations in part in Washington state, and CASEY INGELS, an individual,<br><br>                  Defendants. | CASE NO. 20-5506 RJB - MAT<br><br>ORDER ON PLAINTIFF'S MOTION TO FOR LEAVE TO FILE SECOND AMENDED COMPLAINT |

This matter comes before the Court on Plaintiff's Motion for Leave to File Second Amended Complaint for Damages.  Dkt. 34.  The Court has considered the pleadings filed in support of and in opposition to the motion and the file herein.

This matter arises from a failed business venture in Canada known as Grey Ghost Gear of Canada, Ltd.  Due to several of the involved business entities' names being similar, Grey Ghost Gear of Canada, Ltd. will be referred to herein as the "failed business."

1      On January 15, 2021, Defendant Casey Ingels' motion to dismiss was granted and the

2    claims asserted against him were dismissed.  Dkt. 32.  The Plaintiffs now move for leave to file a

3    second amended complaint (Dkt. 34) and attached a proposed second amended complaint (Dkt.

4    34, at 4-67) to their motion.  Defendants oppose the motion as to the claim asserted against

5    Defendant Ingels (who joins the motion pursuant to his Notice of Limited Appearance (Dkt. 28))

6    in the proposed SAC, arguing that it is futile.  Dkt. 39.

7            **FACTS IN PROPOSED SECOND AMENDED COMPLAINT**

8      According to the proposed SAC, on April 20, 2016, the failed business was incorporated

9    by Defendant Grey Ghost International, LLC ("GGI") and by Plaintiff Central Flyway Air, Inc.

10    ("CFA") in order to sell tactical equipment.  Dkt. 34, at 5.  Defendant GGI is alleged to be the

11    51% shareholder, and Plaintiff CFA the 49% shareholder, of the failed business.  *Id*.  Defendant

12    Ingels is alleged to be an officer and director of the failed business and "at all relevant times," to

13    be acting as an agent of GGI.  *Id.*

14      The proposed SAC maintains that Ingels, as an officer and director of the failed business

15    "controlled the bookkeeping and accounting responsibilities."  *Id.*  It alleges around June of

16    2019, that Defendant Ingels, acting as an "officer and director" of the failed business and "on

17    behalf" of GGI, (1) closed Plaintiffs' access to the failed business's computer accounting

18    program, (2) closed Plaintiffs' access to corporate emails, (3) prohibited the accounting firm

19    from providing Plaintiff Boychuk the failed business's financial records, and (4) "refused to

20    disclose to Plaintiff CFA information that CFA reasonably needs to ascertain the value of its

21    investment," including financial information, contracts or licensing agreements and (5) stripped

22    CFA of any governing influence over the failed business by "depriving [Plaintiff Boychuk] of his

23    powers of CEO of [the failed business] by foreclosing his access to the company."  *Id.,* at 7-8.

24

1    As is relevant here, the proposed SAC asserts one claim against Defendant Ingels, "in his

2 capacity as an officer and director" of the failed business, on behalf of Plaintiff CFA, "as a

3 shareholder," for breach of fiduciary duty pursuant to RCW 23B.08.300.  *Id.*, at 8.  Plaintiffs

4 seek damages, attorneys' fees, and costs.  *Id.*, at 13-14.

5                            **MOTION FOR LEAVE TO AMEND**

6    Under Fed. R. Civ. P. 15 (a)(2), "a party may amend its pleading only with the opposing

7 party's written consent or the court's leave. The court should freely give leave when justice so

8 requires."  A motion to amend under Rule 15 (a)(2), "generally shall be denied only upon

9 showing of bad faith, undue delay, futility, or undue prejudice to the opposing party."  *Chudacoff*

10 *v. University Medical Center of Southern Nevada,* 649 F.3d 1143 (9th Cir. 2011).  Generally, a

11 determination on a motion for leave to amend "should be performed with all inferences in favor

12 of granting the motion."  *Griggs v. Pace Am. Grp., Inc*., 170 F.3d 877, 880 (9th Cir. 1999).

13    The Plaintiffs' motion for leave to file SAC (Dkt. 34) should be granted.  There is no

14 showing here of bad faith, undue delay, or undue prejudice.

15    The Defendants argue that leave to amend should be denied as futile regarding the

16 proposed breach of fiduciary duty claim (which is based on RCW 23B.08.300) asserted against

17 Defendant Ingels. Dkt. 39.  RCW 23B.08.300 provides, in part,

18        (1) A director shall discharge the duties of a director, including duties as member
          of a committee:
19
20            (a) In good faith;

21            (b) With the care an ordinarily prudent person in a like position
              would exercise under similar circumstances; and
22
              (c) In a manner the director reasonably believes to be in the best
23            interests of the corporation. . .

24

The Defendants maintain that Defendant Ingels was not an officer or director of the failed business and contend that he had no ability to "lock [Plaintiff] Boychuk out of anything." *Id.* They also assert that Plaintiff CFA, as a shareholder, has no right to access or use the failed business's accounting program or emails, and has no right to demand records from the failed business's accounting firm. *Id.*

It is not yet clear that the Plaintiff's claim for breach of fiduciary duty, under RCW 23B.08.300, against Defendant Ingels, "in his capacity as an officer and director" of the failed business, is futile. While "whether a legal fiduciary duty exists is a question of law," *Lang v. Hougan*, 136 Wn. App. 708, 718 (2007), Defendant Ingels challenges the factual underpinning which would determine that initial question. (He contends that he was not an "officer or director" of the failed business contrary to the allegations in the proposed SAC and so has no duties under RCW 23B.08.300.) For purposes of this motion, that determination is premature. Plaintiffs' factual assertion (that he was an officer or director) is credited and "all inferences are to be construed in favor of granting the motion." *Griggs*, at 880.

The Plaintiffs argue that as shareholders they had a statutory right to inspect the failed business's records under RCW 23B.16.010 *et. seq.* The Plaintiffs appear to contend a failure to allow the shareholders to inspect the business records was a breach of the duty of good faith in RCW 23B.08.300. If Defendant Ingels was a director or officer of the failed business and RCW 23B.08.300 applied, it is not clear that the amendment would be futile.

The Plaintiffs' Motion for Leave to Amend the Complaint (Dkt. 34) should be granted. The Plaintiffs should file a clean version of their amended complaint on or before **March 5, 2021**.

**IT IS SO ORDERED**.

ORDER ON PLAINTIFF'S MOTION TO FOR LEAVE TO FILE SECOND AMENDED COMPLAINT - 4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 26th day of February, 2021.

ROBERT J. BRYAN
United States District Judge