1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

| | |
|---|---|
| CENTRAL FLYWAY AIR, INC., a Canadian corporation, and JON BOYCHUK, an individual, | CASE NO. 20-5506 RJB |
| | ORDER ON MOTION TO STRIKE AND MOTIONS TO COMPEL |
| Plaintiffs, | |
| v. | |
| GREY GHOST INTERNATIONAL, LLC, a Wyoming corporation with operations in part in Washington state, and CASEY INGELS, an individual, | |
| Defendants, | |
| ──────────────── | |
| GREY GHOST INTERNATIONAL, LLC, and GREY GHOST GEAR OF CANADA, | |
| Counter-Plaintiffs, | |
| v. | |
| CENTRAL FLYWAY AIR, INC., JON BOYCHUK, and MILBURN MOUNTAIN DEFENSE LTD., | |
| Counter-Defendants. | |

This matter comes before the Court on Defendant and Counter-Plaintiff Grey Ghost International, LLC's ("GGI") Motion to Strike Plaintiff's Expert Report and Preclude Expert Witness (Dkt. 68) and GGI's Motion to Compel Discovery from Counter-Defendant, Milburn Mountain Defense, Ltd. and to Compel Plaintiff and Counter-Defendant Jon Boychuk to Provide Complete Responses (Dkt. 70). The Court has considered the pleadings filed regarding the motions and the file herein.

## **FACTS**

Originally filed on May 29, 2020, this case arises as a result of failed business venture Grey Ghost Gear of Canada, Ltd. Dkt. 1. The Second Amended Complaint was filed on February 26, 2021. Dkt. 43. Defendant Casey Ingels was dismissed with prejudice on June 28, 2021. Dkt. 55.

The expert witness disclosure deadline was September 8, 2021. Dkt. 38. The discovery deadline is November 8, 2021. *Id.* The dispositive motions deadline is December 7, 2021 and trial is set to begin on March 7, 2021. Dkt. 38.

**Fact and Motions Related to Expert Witness John Brams**. On September 8, 2021, Plaintiffs/Counter-Defendants filed a Motion to Continue the expert disclosure deadline for 60 days "to present a supplemental report." Dkt. 62. In this same pleading, the Plaintiffs/Counter-Defendants designated John Brams, CPA as their expert. *Id*. The Plaintiffs/Counter-Defendants' motion was granted, in part, and denied, in part. Dkt. 66. That order granted a two-week extension of time, to October 4, 2021, to provide the expert's report. Dkt. 66.

On October 4, 2021, a three-page "Expert Report of John Brams, CPA" was filed. Dkt. 67. He does not state an opinion in the report, but details more data he asserts he needs to assess

the value of the Plaintiffs' interests in Grey Ghost Gear of Canada, Ltd. (the failed business) and to analyze the veracity of Defendant GGI's allegations. *Id.*

On October 14, 2021, GGI filed the instant motion to strike Mr. Brams' report and to preclude his testimony at trial. Dkt. 68. It argues the report fails to provide the information required under Fed. R. Civ. P. 26(a)(2)(B). *Id.* GGI notes that despite having over 2,000 pages of discovery from GGI, Mr. Brams argues that he does not have all the information he needs to render any opinions. *Id.* GGI argues that the information is in Plaintiff/Counter-Defendant Boychuk's possession and notes that GGI's expert witness on these issues was able to provide an opinion. *Id.* Further, GGI points out that, contrary to the assertions in his report and CV, Mr. Brams' CPA license was suspended in 2016 by the Oregon Board of Accountancy and remains suspended. *Id.*

The Plaintiffs/Counter-Defendants do not directly respond to the motion to strike Mr. Brams' report or to limit or to preclude his testimony at trial.

On October 18, 2021, the last day to file discovery related motions, the Plaintiffs/Counter-Defendants filed a Motion to Compel Discovery. Dkt. 72. (While this motion is not ripe for consideration for two more days, for context, it will be discussed here). In this motion, they seek to compel more complete answers to their Requests for Production and Interrogatories to Defendant GGI, which GGI sent to them on June 7, 2021. Dkt. 72. Specifically, they seek more on Requests for Production 17, 18, 19, 20, and 21, which the Plaintiffs/Counter-Defendants contend are necessary for Mr. Brams to complete his report on valuation of their shares in the failed business. *Id.*

In response to the Plaintiffs/Counter-Defendants' motion to compel, the GGI argues that the Plaintiffs/Counter-Defendants failed to meet the meet and confer requirements of Fed. R.

1  Civ. P. 37(a)(1) and of Local Rule W.D. Wash. 37(a)(1).  Dkt. 75.  GGI further argues that it has

2  no other documents responsive to the Plaintiffs/Counter-Defendants requests for production,

3  particularly Requests for Production 17, 18, 19, 20, and 21.  *Id.*

4         **Facts and Motion related to GGI's Motion to Compel**.  GGI moves to compel

5  discovery from Counter-Defendant Milburn Mountain Defense, Ltd. ("Milburn") and from

6  Plaintiff Jon Boychuk.  Dkt. 70.  The following are facts that relate to this motion.

7         **Milburn Discovery**.  On July 26, 2021, GGI served a First Set of Interrogatories,

8  Request for Production and Request for Admissions on Milburn.  Dkt. 71-1.  Milburn's

9  responses were due by August 25, 2021.  Milburn did not respond.

10        **Boychuk Discovery**.  On April 1, 2021, GGI served its First Set of Interrogatories,

11  Requests for Production, and Request for Admissions on Mr. Boychuk.  Dkt. 57.  Responses

12  were due by May 3, 2021.  After attempting to obtain responses, on June 30, 2021, GGI wrote

13  Mr. Boychuk's counsel advising them that due to the failure to respond, all objections to the First

14  Set of Interrogatories and Requests for Production Defendants were deemed waived and the

15  Request for Admissions were deemed admitted under Fed. R. Civ. P. 36(a).  *Id.*  Almost one

16  month later, on July 23, 2021, Mr. Boychuk served responses to the First Set of Interrogatories,

17  Requests for Production, and Request for Admissions.  Dkt. 57, at 29-51.  Mr. Boychuk denied

18  or failed to respond to some of the Requests for Admissions.  Dkt. 57, at 47-51.

19        On August 30, 2021, the Court denied GGI's motion to deem all requests for admission

20  admitted and Mr. Boychuk's motion for the Court to permit his July 23, 3031 responses to

21  remain was granted.  Dkt. 60.

22        **GGI's Motion to Compel**.  In the pending motion, GGI moves the Court for an order

23  compelling Milburn to respond to the First Set of Interrogatories, Request for Production and

24

ORDER ON MOTION TO STRIKE AND MOTIONS TO COMPEL - 4

Request for Admissions.  Dkt. 70.  GGI moves the Court for an order compelling Plaintiff Jon Boychuk to respond to GGI's Request for Admission #20, to which he did not respond.  GGI further notes that Mr. Boychuk's response were not under oath as required under Fed. R. Civ. P. 33(b)(3).  *Id.*

Plaintiffs/Counter-Defendants respond and argue that GGI failed to meet the meet and confer requirements of Fed. R. Civ. P. 37(a)(1) and of Local Rule W.D. Wash. 37(a)(1).  Dkt. 73.  GGI filed a reply, acknowledges that its meet and confer communication was solely through email.  Dkt. 74.  It further notes that the discovery remains outstanding.  *Id.*

## DISCUSSION

### A.  MOTION TO STRIKE MR. BRAM'S REPORT

Fed. R. Civ. P. 26(a)(2)(A) requires disclosure of an expert witness.  Rule 26(a)(2)(B) provides that "this this disclosure must be accompanied by a written report--prepared and signed by the witness--if the witness is one retained or specially employed to provide expert testimony in the case."  The report must contain:

(i) a complete statement of all opinions the witness will express and the basis and reasons for them;

(ii) the facts or data considered by the witness in forming them;

(iii) any exhibits that will be used to summarize or support them;

(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

(vi) a statement of the compensation to be paid for the study and testimony in the case.

Rule 26(a)(2)(B).  Rule 37(c)(1) provides that "where a party fails to provide information or identify a witness as required by Rule 26(a) . . . that party is not allowed to use that information or witness to supply evidence on a motion, at a hearing or at a trial, unless the failure was substantially justified or is harmless."

GGI's motion to strike Mr. Brams' report (Dkt. 68) should be granted.  Mr. Brams' report fails to comply with Rule 26(a)(2)(B).  Further, the Plaintiffs/Counter-Defendants did not respond to the motion.  They made no showing that the "failure was substantially justified or is harmless."  To the extent GGI moves to preclude Mr. Brams expert opinions from trial, the motion should be granted.

**B.  MOTIONS TO COMPEL**

Fed. R. Civ. P. 37(a)(1) provides that a motion to compel must include a "certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  Likewise, Local Rule W.D. Wash. 37(a)(1) provides:

> Any motion for an order compelling disclosure or discovery must include a certification, in the motion or in a declaration or affidavit, that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. If the movant fails to include such a certification, the court may deny the motion without addressing the merits of the dispute. A good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephone conference.

In GGI's Motion to Compel (Dkt. 70) and in Plaintiffs/Counter-Defendants' Motion to Compel (Dkt. 72), both parties indicate that they emailed opposing counsel about the discovery at issue in their motions.  Accordingly, neither party met the Local Rule 37(a)(1) requirement to either meet in person or over the telephone.

Both motions (Dkts. 70 and 72) should be renoted for consideration for November 19, 2021.  By November 17, 2021, parties should file additional briefing (after complying with Local Rule 37(a)(1)) informing the Court, what, if any, issues remain in the motions to compel.  Parties are strongly encouraged to resolve these issues if possible.

## **ORDER**

**IT ORDERED THAT:**

- GGI's Motion to Strike Plaintiff's Expert Report and Preclude Expert Witness (Dkt. 68) **IS GRANTED;**

- GGI's Motion to Compel Discovery from Counter-Defendant, Milburn Mountain Defense, Ltd. and to Compel Plaintiff/Counter-Defendant Jon Boychuk to Provide Complete Responses (Dkt. 70) and Plaintiffs/Counter-Defendants' Motion to Compel Discovery (Dkt. 72) **ARE RENOTED** to **November 19, 2021**; and

- By **November 17, 2021**, parties **SHALL FILE** additional briefing (after complying with Local Rule 37(a)(1)) informing the Court, what, if any, issues remain in the motions to compel.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 3rd day of November, 2021.

ROBERT J. BRYAN
United States District Judge