1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

7   CENTRAL FLYWAY AIR, INC., a
Canadian corporation, and JON
8   BOYCHUK, an individual,

9                           Plaintiffs,

      v.
10

GREY GHOST INTERNATIONAL, LLC,
11  a Wyoming corporation with operations in
part in Washington state, and CASEY
12  INGELS, an individual,

13                          Defendants,

14  _____

15

GREY GHOST INTERNATIONAL,
16  LLC, and GREY GHOST GEAR OF
CANADA,
17

18                    Counter-Plaintiffs,

19      v.

20

CENTRAL FLYWAY AIR, INC., JON
21  BOYCHUK, and MILBURN
MOUNTAIN DEFENSE LTD.,
22

23                    Counter-Defendants.

24

CASE NO. 20-5506 RJB

ORDER ON MOTIONS TO
COMPEL AND TO CONTINUE

1         This matter comes before the Court on Defendant Grey Ghost International, LLC's

2    ("GGI") Motion to Compel Discovery from Counter-Defendant, Milburn Mountain Defense,

3    Ltd. and to Compel Plaintiff and Counter-Defendant Jon Boychuk to Provide Complete

4    Responses (Dkt. 70), Plaintiffs and Counter-Defendants Central Flyway Air, Inc. and Jon

5    Boychuk's Motion to Compel (Dkt. 72) and Plaintiffs and Counter-Defendants' Motion to

6    Continue Discovery Period (Dkt. 77).  The Court has considered the pleadings filed regarding the

7    motions and the file herein.

8    **FACTS**

9         Originally filed on May 29, 2020, this case arises as a result of failed business venture

10   Grey Ghost Gear of Canada, Ltd.  Dkt. 1.  The Second Amended Complaint was filed on

11   February 26, 2021.  Dkt. 43.  Defendant Casey Ingels was dismissed with prejudice on June 28,

12   2021.  Dkt. 55.

13        The expert witness disclosure deadline was September 8, 2021.  Dkt. 38.  The discovery

14   deadline was November 8, 2021.  *Id.* The dispositive motions deadline is December 7, 2021 and

15   trial is set to begin on March 7, 2021.  Dkt. 38.

16        **Facts and Motion related to GGI's Motion to Compel**.  GGI moves to compel

17   discovery from Counter-Defendant Milburn Mountain Defense, Ltd. ("Milburn") and from

18   Plaintiff Jon Boychuk.  Dkt. 70.  The following are facts that relate to this motion.

19        **Milburn Discovery**.  On July 26, 2021, GGI served a First Set of Interrogatories,

20   Request for Production and Request for Admissions on Milburn.  Dkt. 71-1.  Milburn's

21   responses were due by August 25, 2021.  Milburn did not respond.

22        **Boychuk Discovery**.  On April 1, 2021, GGI served its First Set of Interrogatories,

23   Requests for Production, and Request for Admissions on Mr. Boychuk.  Dkt. 57.  Responses

24

ORDER ON MOTIONS TO COMPEL AND TO CONTINUE - 2

were due by May 3, 2021.  After attempting to obtain responses, on June 30, 2021, GGI wrote Mr. Boychuk's counsel advising them that due to the failure to respond, all objections to the First Set of Interrogatories and Requests for Production Defendants were deemed waived and the Request for Admissions were deemed admitted under Fed. R. Civ. P. 36(a).  *Id.*  Almost one month later, on July 23, 2021, Mr. Boychuk served responses to the First Set of Interrogatories, Requests for Production, and Request for Admissions.  Dkt. 57, at 29-51.  Mr. Boychuk denied or failed to respond to some of the Requests for Admissions.  Dkt. 57, at 47-51.

On August 30, 2021, the Court denied GGI's motion to deem all requests for admission admitted and Mr. Boychuk's motion for the Court to permit his July 23, 2021 responses to remain was granted.  Dkt. 60.

**GGI's Motion to Compel**. In the pending motion, GGI moves the Court for an order compelling Milburn to respond to its First Set of Interrogatories and Request for Production. Dkt. 70.  GGI states that because Milburn failed to timely respond to the Requests for Admissions, it is not moving for Milburn to respond to those because they are deemed admitted under Fed. R. Civ. P. 36(a).  *Id.*  GGI moves the Court for an order compelling Jon Boychuk to respond to GGI's Request for Admission #20, to which he did not respond.  *Id.*  GGI further notes that Boychuk's responses were not under oath as required under Fed. R. Civ. P. 33(b)(3). *Id.*

**Fact and Motion Related to Plaintiffs and Counter-Defendants' Motion to Compel**. On October 18, 2021, the last day to file discovery related motions, the Plaintiffs and Counter-Defendants filed the instant Motion to Compel Discovery.  Dkt. 72.  In this motion, they seek to compel more complete answers to their Requests for Production and Interrogatories to Defendant

GGI, which GGI sent to them on June 7, 2021.  Dkt. 72.  Specifically, they seek more on Requests for Production 17, 18, 19, 20, and 21.  *Id.*

In response, to the Plaintiffs and Counter-Defendants' motion to compel, the GGI argued that it has no other documents responsive to the Plaintiffs and Counter-Defendants' requests for production, particularly Requests for Production 17, 18, 19, 20, and 21.  Dkts. 75 and 79.

**Further Procedural History**. On November 3, 2021, the undersigned renoted the two motions to compel for November 19, 2021, in order to give the parties time to comply with the Federal Rules of Civil Procedure and Local Rule's meet and confer requirements. Dkt. 76.  The parties were ordered to file additional briefing informing the Court, what, if any, issues remain in the motions to compel by November 17, 2021.  *Id.*

**Plaintiffs and Counter-Defendants' Motion to Continue Discovery Period**.  On November 8, 2021, the Plaintiffs and Counter-Defendants filed a motion to continue discovery for 60 days "to complete receipt of outstanding discovery, as well as conduct depositions thereafter."  Dkt. 77.  GGI opposes the motion.  Dkt. 78.

**November 17, 2021 Supplemental Briefing**.  On November 17, 2021, GGI filed a supplemental brief, noting that the parties had a telephone conversation about the outstanding discovery.  Dkt. 79.  According to GGI, it informed Plaintiffs and Counter-Defendants' counsel that GGI has already produced all documents in its possession.  *Id.*  GGI states that Plaintiffs and Counter-Defendants agreed to provide the missing discovery which is the basis of GGI's motion to compel by that night.  *Id.*  GGI states further that the supplemental briefing was filed at the close of business and none of the sought-after discovery had been provided.  *Id.*

**Plaintiffs and Counter-Defendants' November 19, 2021 Pleading**.  At almost 9:00 p.m. on November 19, 2021, the Plaintiffs and Counter-Defendants filed a reply to their motion

1    to extend the discovery deadline.  Dkt. 81.  In this pleading, they contend that they have now

2    provided all the sought-after discovery.  *Id.*  They state that the parties had an agreement to

3    extend the time for them to provide the discovery until Friday, November 19, 2021.  *Id.*  They

4    point to an email that was purportedly sent at 5:00 p.m. in which they ask GGI for an extension

5    of time, to November 19, 2021 to provide the discovery.  *Id.*  The Plaintiffs and Counter-

6    Defendants attach several pages of responses to discovery.  *Id.*

7                                              **DISCUSSION**

8          This opinion will first address both parties' motions to compel and then the motion for a

9    60-day extension of the discovery deadline.

10         **A.  MOTIONS TO COMPEL**

11         Under Fed. R. Civ. P. 26(b)(1),

12         Parties may obtain discovery regarding any nonprivileged matter that is relevant to
           any party's claim or defense and proportional to the needs of the case, considering
13         the importance of the issues at stake in the action, the amount in controversy, the
           parties' relative access to relevant information, the parties' resources, the
14         importance of the discovery in resolving the issues, and whether the burden or
           expense of the proposed discovery outweighs its benefit.  Information within this
15         scope of discovery need not be admissible in evidence to be discoverable.

16    Under Rule 37(a)(3)(B), "a party seeking discovery may move for an order compelling an

17    answer, designation, production, or inspection."

18               1.   GGI's Motion to Compel

19         GGI's Motion to Compel (Dkt. 70) should be granted, in part, and denied, without

20    prejudice, in part, and denied, in part.  At 4:00 p.m. on November 19, 2021, the Plaintiffs and

21    Counter-Defendants' sent GGI an email with an attachment, purporting to be the sought-after

22    Milburn responses.  At this point, due to the Plaintiffs and Counter-Defendants late disclosures,

23    it is not clear whether they have provided complete responses.  Accordingly, GGI's motion to

24

ORDER ON MOTIONS TO COMPEL AND TO CONTINUE - 5

1   compel Milburn's responses to GGI's First Set of Interrogatories and Request for Production

2   should be denied without prejudice.

3        GGI also moves to compel Jon Boychuk to respond to GGI's Request for Admission #20.

4   As an attachment to their November 19, 2021 reply, the Plaintiffs and Counter-Defendants

5   provided his answer to GGI's Request for Admission #27-#31.  Accordingly, GGI's motion to

6   compel his response to GGI's Request for Admission #20 should be granted.

7        GGI's motion to compel Jon Boychuk to provide his responses under oath as required

8   under Fed. R. Civ. P. 33(b)(3) should be denied as moot.  The Plaintiffs and Counter-Defendants

9   have now done so.  Dkt. 81-1, at 29.

10       Accordingly, within ten days of the date of this order, Jon Boychuk should be compelled

11  to respond to GGI's Request for Admission #20.

12             2.   Plaintiffs and Counter-Defendants' Motion to Compel

13       The Plaintiffs and Counter-Defendants' Motion to Compel (Dkt. 72) should be denied.

14  GGI states that it has no further discovery responsive to these requests.  The Plaintiffs and

15  Counter-Defendants do not offer any grounds to support their assertion to that GGI has

16  additional documents responsive to these requests.

17  **B.  MOTION TO EXTEND DISCOVERY PERIOD**

18       Pursuant to Fed. R. Civ. P. 16(b)(4) the court may modify a case scheduling order for

19  good cause.

20       The Plaintiffs and Counter-Defendants' motion to continue the discovery period for an

21  additional 60 days (Dkt. 77) should be denied.  They do not show good cause for their request.

22  This case has been pending for months and should remain on the current case schedule.

23                        **ORDER**

24

**IT ORDERED THAT:**

- GGI's Motion to Compel Discovery from Counter-Defendant, Milburn Mountain Defense, Ltd. and to Compel Plaintiff and Counter-Defendant Jon Boychuk to Provide Complete Responses (Dkt. 70) **IS:**

- **DENIED WITHOUT PREJUDICE** as to Counter-Defendant Milburn's responses to GGI's First Set of Interrogatories and Request for Production;

- **GRANTED** as to Jon Boychuk's failure to respond to GGI's Request for Admission #20;

  o Within ten days of the date of this order, and Jon Boychuk **IS ORDERED** to respond to GGI's Request for Admission #20; and

- **DENIED** as to Jon Boychuk's providing his responses are under oath as required under Fed. R. Civ. P. 33(b)(3).

- Plaintiffs and Counter-Defendants' Motion to Compel Discovery (Dkt. 72) **IS DENIED;** and

- Plaintiffs and Counter-Defendants' Motion to Continue Discovery Period (Dkt. 77) **IS DENIED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 22nd day of November, 2021.

ROBERT J. BRYAN
United States District Judge