HONORABLE BARBARA J. ROTHSTEIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CENTRAL FLYWAY AIR, INC., and JON BOYCHUK,<br>Plaintiffs,<br>v.<br>GREY GHOST INTERNATIONAL, LLC.,<br> Defendants, | CASE NO. 3:20-cv-05506-BJR<br><br>ORDER DENYING MOTION TO SEAL |
| GREY GHOST INTERNATIONAL, LLC, and GREY GHOST GEAR OF CANADA, LTD.<br>Counter-Plaintiffs,<br>v.<br>JON BOYCHUK et al.,<br>Counter-Defendants | |

    This matter comes before the Court on the Motion to File Under Seal ("Motion to Seal"), filed by Plaintiffs/Counter-Defendants Central Flyway Air, Inc., Jon Boychuk, and Milburn Mountain Defense (collectively "Counter-Defendants"). Dkt. No. 126. Counter-Defendants seek sealing of the underlying Motion to Set Aside the Judgment. Dkt. No. 128. Defendants/Counter-Plaintiffs have not opposed the Motion to Seal.

    Courts "recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commnc'ns, Inc.*, 435 U.S. 589, 597 (1978). Accordingly, "we start with a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). "A party seeking to seal a

ORDER DENYING MOTION TO SEAL
-1

judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir.2006). Alternatively, "for sealed materials attached to a discovery motion unrelated to the merits of a case" or "only tangentially related[ ] to the merits of a case," "the good cause standard from Rule 26(c)" applies. *Ctr. for Auto Safety v. Chrysler Grp., LLC,* 809 F.3d 1092, 1097, 1099 (9th Cir. 2016). Because as discussed below Counter-Defendants fail to meet even the less stringent of the two standards, for purposes of this Motion to Seal the Court will assume, without deciding, that the less stringent "good cause" standard applies. Under that standard, the party seeking to seal materials must show that "'good cause' exists to protect th[e] information from being disclosed to the public by balancing the needs for discovery against the needs for confidentiality." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010).[1]

      The Motion to Seal fails to articulate "good cause" for sealing, particularly under the circumstances at hand. First, Counter-Defendants have requested sealing of the entirety of the Motion to Set Aside, and all accompanying declarations and exhibits in their entirety as well. This request is substantially overbroad, and requests the sealing of a great deal of material that is neither confidential nor private. Second, in their opposition to the Motion to Set Aside, Counter-Plaintiffs/Defendants repeat, in an unsealed filing, much of the information Counter-Defendants are seeking to have sealed—specifically, information about Mr. Helmy's medical diagnosis and treatment. Thus, the information Counter-Defendants are requesting be kept from public scrutiny can no longer fairly be called "confidential." Third, Counter-Defendants have failed to even attempt to demonstrate that Mr. Helmy's interest in confidentiality outweighs the interest that the public has in having open access to court records. In their brief, constituting a single paragraph, Counter-

---

[1] The compelling reasons standard requires the requesting party to support its argument with "specific factual findings" that demonstrate the reasons for sealing "outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178-79. "Compelling reasons sufficient to outweigh the public's interest in disclosure exist when court records might become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Demaree v. Pederson*, 887 F.3d 870, 884 (9th Cir. 2018) (internal brackets and quotation marks omitted) (quoting *Kamakana*, 447 F.3d at 1179).

ORDER DENYING MOTION TO SEAL
-2

Defendants have failed even to address the standard, let alone argue or provide evidence demonstrating they meet it.

    The Motion to Seal is therefore DENIED, without prejudice. Counter-Defendants may re-file a motion, providing argument and/or evidence for how the relief it seeks is justified under the appropriate standard, within 15 days of issuance of this Order. In the event no such motion is filed within this time, the Court directs the Clerk to unseal the Motion to Set Aside, and the documents filed in support thereof, including Dkt. Nos. 128-133 and 138.

    SO ORDERED. DATED this 9th day of October, 2024.

*Barbara J. Rothstein*
Barbara Jacobs Rothstein
U.S. District Court Judge