The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CENTRAL FLYWAY AIR, INC., a Canadian corporation, and JON BOYCHUK, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>GREY GHOST INTERNATIONAL, LLC.,<br><br>Defendant. | Case No. 3:20-cv-05506-BJR<br><br>**ORDER GRANTING COUNTER-PLAINTIFF'S MOTION FOR SUPPLEMENTAL PROCEEDINGS** |
| GREY GHOST INTERNATIONAL, LLC, and GREY GHOST GEAR OF CANADA, LTD.<br><br>Counter-Plaintiffs,<br><br>v.<br><br>JON BOYCHUK; CENTRAL FLYWAY AIR, INC; and MILBURN MOUNTAIN DEFENSE, LTD.,<br><br>Counter-Defendants. | |

## I. INTRODUCTION

This matter is before the Court on Counter-Plaintiff Grey Ghost Gear of Canada, Ltd.'s ("GGGC") Motion for Supplemental Proceedings, Dkt. No. 140. GGGC seeks an order from this

**ORDER GRANTING** COUNTER-PLAINTIFF'S MOTION FOR SUPPLEMENTAL PROCEEDINGS

- 1

1  Court directing Judgment Debtors/Counter-Defendants Jon Boychuk; Central Flyway Air, Inc.; and
2  Milburn Mountain Defense, Ltd. ("MMD"), by and through its sole owner, Krystle Boychuk, to
3  appear before the Court to testify and produce documents regarding any non-exempt property that
4  may be used to satisfy the judgment entered by the Court in this action. Having reviewed the
5  materials and the relevant legal authorities the Court grants GGGC's Motion for Supplemental
6  Proceedings. The reasoning for the Court's decision follows.

## II. BACKGROUND

The underlying action involved a commercial dispute between several parties. *See* Or. Granting Def.'s Motion for Summary Judgm. at 2-8, Dkt. No. 99. The Court entered a final judgment in the amount of $3,113.315.88 in favor of GGGC, and against Counter-Defendants, jointly and severally. Final Judgm., Dkt. No. 124.

GGGC now moves for supplemental proceedings. GGGC asserts that, to date, Counter-Defendants have paid approximately $60,000 toward the judgment entered by this Court. Counter-Pl.'s Mot. at 2. GGGC further asserts that it has reason to believe that Counter-Defendants own property that they are concealing to avoid paying the judgment. *Id.* GGGC thus seeks discovery in aid of satisfying the judgment. *Id.* at 1.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 69 governs the execution of judgments and postjudgment discovery proceedings in federal court. Rule 69(a)(2) provides the following:

> (2) Obtaining Discovery. In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person--including the judgment debtor--as provided in these rules or by the procedure of the state where the court is located.

**ORDER GRANTING** COUNTER-PLAINTIFF'S MOTION FOR SUPPLEMENTAL PROCEEDINGS

- 2

Fed. R. Civ. P 69(a)(2). It is well-established that, under subsection (a)(2) of Rule 69, a judgment creditor has a choice of using either federal or state discovery methods. *See Fuddruckers, Inc. v. KCOB I, LLC*, 31 F. Supp. 2d 1274, 1278-79 (D. Kan. 1998); *El Salto, S.A. v. PSG Co.*, 444 F.2d 477, 484 n.3 (9th Cir. 1971) ("A judgment creditor proceeding under Rule 69(a) may utilize either state practice or the Federal Rules for taking depositions.").

## IV.   DISCUSSION

GGGC moves for supplemental proceedings pursuant to Rule 69(a)(2), seeking postjudgment discovery under procedures outlined in Washington law at RCW § 6.32.010. Counter-Pl.'s Mot. at 4-5. That statute permits the Court to issue an order requiring the judgment debtor "to appear at a specified time and place before the judge granting the order, or a referee appointed by the judge, to answer concerning the same." RCW § 6.32.010(1). The issue before the Court is whether, proceeding under state law, GGGC must also comply with the venue provision at RCW § 6.32.190. Under RCW § 6.32.190,

> [a] judgment debtor who resides or does business in the state cannot be compelled to attend pursuant to an order made under the provisions of this chapter at a place without the county where his or her residence or place of business is situated.

*Id.* § 6.32.190. MMD argues that, applying this statutory language, Counter-Defendants, as individuals and entities based in Canada, cannot be compelled to attend supplemental proceedings in Washington. Counter-Def.'s Resp. at 4-6, Dkt. No. 141.

Resolving the issue posed by the parties, that is, whether a judgment creditor seeking postjudgment discovery in Rule 69(a)(2) proceedings pursuant to RCW § 6.32.010 is subject to the venue requirement of RCW § 6.32.190, the Court finds instructive the Ninth Circuit's decision in *Duchek v. Jacobi*, 646 F.2d 415, 418 (9th Cir. 1981). In *Duchek*, the Ninth Circuit addressed whether, in the context of Rule 69(a)(1) proceedings to enforce a judgment, California law requiring

**ORDER GRANTING** COUNTER-PLAINTIFF'S MOTION FOR SUPPLEMENTAL PROCEEDINGS

- 3

certain judgment creditors to file a petition for enforcement in state court deprived the federal district court of jurisdiction. *Id.* at 417. Rule 69(a)(1) provides that the procedure for supplementary proceedings to aid in execution of a judgment "must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1). The *Duchek* court concluded that Rule 69(a)(1) should not be construed to eliminate a district court's jurisdiction to enforce judgments when the applicable state procedure facially requires that proceedings be held in a state tribunal. *Duchek*, 646 F.2d at 417-18. In reaching this conclusion, the court emphasized that state law should not be applied in a "hypertechnical manner," rather, "'state rules are to be applied in a common sense manner and those which make sense only where applied to state courts need not be imported into federal practice.'" *Id.* at 418 (quoting *Anderson v. Tucker*, 68 F.R.D. 461, 462-63 (D. Conn. 1975)).

Applying the Ninth Circuit's reasoning in *Duchek*, importing RCW § 6.32.190's venue requirement here would defy common sense. *See id.*; Counter-Pl.'s Reply at 5, Dkt. No. 144 ("Washington has 39 counties—but only two federal district courthouses. If this venue provision were read to restrict the jurisdiction of the federal courts as MMD suggests, then even Washington judgment debtors who reside in 37 counties would be immune from the Court's authority to compel their appearance."). Furthermore, applying RCW § 6.32.190's venue requirement would effectively preclude GGGC from seeking postjudgment discovery under state law procedures, thereby undermining the clear command of Rule 69(a)(2).

The Court is also unpersuaded by MMD's argument that discovery would be duplicative. Counter-Def.'s Resp. at 6-7. GGGC has reason to believe that prior discovery has not revealed the full extent of Counter-Defendants' assets that may be used to satisfy the judgment. *See* Counter-Pl.'s Reply at 8-9. Furthermore, the scope of allowable postjudgment discovery under

**ORDER GRANTING** COUNTER-PLAINTIFF'S MOTION FOR SUPPLEMENTAL PROCEEDINGS
- 4

RCW § 6.32.010 is necessarily broad to fulfill the statute's remedial purpose of aiding in the enforcement of a judgment. *Cf. U.S. v. Feldman*, 324 F. Supp. 2d 1112, 1116 (C.D. Cal. 2004). The discovery that GGGC seeks is reasonable under the circumstances.

## V.    CONCLUSION[1]

For the foregoing reasons:

1. Counter-Plaintiff's Motion for Supplemental Proceedings (Dkt. No. 140) is GRANTED.

2. This matter shall be referred to a magistrate judge. The Judgment Debtors/Counter-Defendants Jon Boychuk, and Krystle Boychuk, on behalf of Milburn Mountain Defense, Ltd., shall contact the designated magistrate judge's chambers to arrange a date and time to appear for examination under oath concerning any assets or property that the Judgment Debtors may have.

3. The Judgment Debtors/Counter-Defendants Jon Boychuk, and Krystle Boychuk shall bring to the examination the following documents:

    a. Financial statements prepared and/or given at the request of any bank or financial institution, or any other lender, within the past ten (10) years.

    b. Corporate records reflecting the membership and ownership of each Judgment Debtor between January 2016 to Present.

    c. Identification of all savings accounts, checking accounts, other bank accounts, and/or safety deposit boxes that have been maintained on behalf of each Judgment Debtor since January 1, 2016, and copies of account statements since January 1, 2016. This includes accounts in the names of Judgment Debtors as well as the names of the owners of Judgment Debtors or the name of any other member of their families who have held or are holding any moneys on behalf of or for Judgment Debtors.

    d. Corporate income tax returns for the past ten years for each Judgment Debtor and all income tax returns for any business in which Jon or Krystle Boychuk has had an interest in at any point in the past ten years. If the filing of the most recent

---

[1] GGGC also moves to strike a one-page supplement filed by MMD shortly after GGGC filed its Reply Brief. *See* Dkt. Nos. 145, 146. The supplement appears to be related to Canadian bankruptcy proceedings involving Jon Boychuk. Dkt. No. 145. The Motion to Strike, Dkt. No. 146, being unopposed, is GRANTED.

**ORDER GRANTING** COUNTER-PLAINTIFF'S MOTION FOR SUPPLEMENTAL PROCEEDINGS

- 5

        return is pending but the return has been prepared or the information is available, that information is required as well.

    e.    Personal income tax returns for the past ten years for Jon and Krystle Boychuk in the United States and Canada. If the filing of the most recent return is pending but the return has been prepared or the information is available, that information is required as well.

    f.    Documents reflecting the current assets and liabilities of each Judgment Debtor, and all asset transfers since January 1, 2019.

    g.    Documents reflecting all personal property owned, in whole or in part, by Judgment Debtors between January 2019 to Present, including but not limited to cash, stocks, notes, judgments, bonds, U.S. treasury bills, mutual funds, money market investments, equipment, machinery, tools, computers, artwork, and multi- media equipment.

    h.    Documents and records reflecting all real property owned, in whole or in part, by any Judgment Debtor since January 1, 2019.

    i.    Documents and records reflecting or referring to all mortgages or liens existing against the real property identified.

    j.    Certificates of title reflecting all vehicles owned, in whole or in part, by any Judgment Debtor since January 1, 2019, including but not limited to cars, trucks, motorcycles, boats, or recreational vehicles or vessels.

    k.    Documents reflecting proceeds from sales by Judgment Debtors between January 2016 to Present.

    l.    Documents reflecting the existence of any security interest, sales contracts, or conditional sales contracts on the items of property owned by Judgment Debtors.

    m.    Records of all accounts receivable, notes receivable, or indebtedness due with respect to each Judgment Debtor.

It is so ordered.

DATED this 7th day of October 2025.

_____
Barbara Jacobs Rothstein
U.S. District Court Judge

**ORDER GRANTING** COUNTER-PLAINTIFF'S MOTION FOR SUPPLEMENTAL PROCEEDINGS

- 6